# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**EVANSTON INSURANCE COMPANY**                                                           **PLAINTIFF**

**V.**                                                       **NO. 4:16-CV-144-DMB-JMV**

**WASHINGTON COUNTY COUNTRY**
**CLUB, LLC; and KEN GAILES**                                                **DEFENDANTS**

## ORDER

Before the Court are the "Motion to Set Aside Entry of Default" filed by Washington County Country Club, LLC and Ken Gailes, Doc. #10; and "Evanston's Motion for Leave to File Supplemental Brief in Opposition to Motion to Set Aside Entry of Default" filed by Evanston Insurance Company, Doc. #14.

## I
## Procedural History

On June 23, 2016, Essex Insurance Company filed a complaint for declaratory judgment against Washington County Country Club, LLC and Ken Gailes (collectively, "WCCC"). Doc. #1. On August 24, 2016, Evanston Insurance Company[1] filed an amended complaint for declaratory judgment. Doc. #4. In the amended complaint, Evanston seeks to rescind or void an insurance policy issued by its predecessor-in-interest, Essex, due to alleged false, incomplete, or misleading material representations made by WCCC during the insurance application process. Washington County Country Club and Gailes were served on September 6, 2016. Doc. #6; Doc. #7.

---

[1] According to the amended complaint, Essex merged into Evanston in June 2016, with Evanston assuming all of Essex's risks and liabilities, "including any and all liability under the Essex Policy at issue in this case." Doc. #4 at ¶ 1.

On September 28, 2016, the day after WCCC's response to the amended complaint was due, Evanston filed a motion for entry of default. Doc. #8. The Clerk of the Court entered a default against WCCC the next day. Doc. #9. One week later, WCCC filed a "Motion to Set Aside Entry of Default," attaching as an exhibit a proposed answer to the amended complaint. Doc. #12. Evanston responded to the motion on October 20, 2016. Doc. #12. WCCC did not file a reply.

On February 9, 2017, Evanston filed "Evanston's Motion for Leave to File Supplemental Brief in Opposition to Motion to Set Aside Entry of Default." Doc. #14. WCCC did not respond to the motion to supplement.

## II
## Motion for Leave to File Supplemental Brief

Evanston seeks leave to file a supplemental brief to submit argument related to *Jordening v. Brown*, No. 3:15-cv-141, 2017 WL 377948 (N.D. Miss. Jan. 24, 2017). Doc. #14. *Jordening* is a recent decision by United States District Judge Michael P. Mills granting, on public policy grounds, a defendant's motion to set aside a default. 2017 WL 377948, at *6–7. Evanston's proposed supplemental brief seeks to distinguish *Jordening* from this action. *See* Doc. #14-1.

This Court has reviewed *Jordening* but finds it of no bearing on this case. Evanston's efforts to distinguish the opinion, therefore, are unnecessary to the disposition of the motion to set aside default. Accordingly, the motion for leave will be denied.

## III
## Motion to Set Aside Default

### A. Standard

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." Good cause "is not susceptible of precise definition, and no fixed, rigid

standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

To determine whether a defendant has shown good cause under Rule 55(c), a court should consider three factors: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether the defendant presents a meritorious defense. *CJC Holdings, Inc. v. Wright & Lato, Inc*., 979 F.2d 60, 64 (5th Cir. 1992). A court may also consider whether "the defendant acted expeditiously to correct the fault." *Dierschke*, 975 F.2d at 184. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside the default." *Id*. Even though "courts universally favor trial on the merits ... the decision to set aside a default is committed to the sound discretion of the trial court." *Id*. at 183 (internal quotation marks and footnotes omitted).

### B. Analysis

#### 1. Willfulness

The "willfulness" inquiry focuses on the "neglect or culpable conduct on the part of the defaulted party." *CJC Holdings, Inc*., 979 F.2d at 64. In making this determination, when "there are no countervailing equities (i.e., [when the plaintiff] has not presented a legitimate claim of prejudice that would arise from setting aside the default), any doubt should, as a general proposition, be resolved in favor of [the defendant] to the end of securing a trial upon the merits." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008) (internal quotation marks and alterations omitted).

WCCC's motion represents that its "attorneys … inadvertently calendared the date of service as September 16 instead of September 6" and that "[o]nce Defendant's attorneys were

3

made aware of the default, the instant motion was filed requesting that the Court set aside [the] Default." Doc. #10 at 1. Throughout the Fifth Circuit, courts have found calendaring errors sufficient to establish excusable neglect. *See, e.g., Gamez v. Hosp. Klean of Tex., Inc.*, No. 12-cv-517, 2013 WL 1089040, at *2 (W.D. Tex. Mar. 14, 2013) (inadvertent calendaring error not willful); *Parks v. Miss. Dep't of Corr.*, No. 1:12-cv-275, 2013 WL 1420237, at *2 (S.D. Miss. Apr. 8, 2013) (failure to respond due to clerical error did not constitute willful default); *Shelby v. City of El Paso*, No. 12-cv-0200, 2012 WL 3929395, at *2 (W.D. Tex. Sept. 7, 2012) (refusing to find willful default where defendant missed deadline for filing response due to staff oversight and computer error). Resolving all doubts in WCCC's favor, the Court finds this factor weighs in favor of setting aside the default.

### 2. Prejudice

Regarding prejudice, WCCC argues that the nine-day delay did not prejudice Evanston, especially when Evanston amended its complaint a month after it filed the action and served WCCC two weeks later. Doc. #10 at ¶ 3. Evanston argues that "[a]llowing the litigation to continue when there is no meritorious defense to the claim is prejudicial." Doc. #13 at 6. However, a plaintiff is not prejudiced within the meaning of Rule 55(c)'s inquiry when setting aside a default would cause "no harm to the plaintiff except to require it to prove its case." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960). Therefore, because Evanston has not shown any prejudice other than proving its own case and because the delay in response was minimal, the Court finds this factor weighs in favor of setting aside the default.

### 3. Existence of Meritorious Defense

The third factor weighs in favor of setting aside a default when the defendant "provide[s] definite factual allegations with supporting record evidence that, if believed at trial, would lead

4

to a result contrary to that achieved by the default." *Jenkens*, 542 F.3d at 122. "A proposed answer can usefully detail the defaulting party's allegedly meritorious defenses." *Jefferson v. La. Dep't of Public Safety and Corrs.*, 401 F. App'x. 927, 929 (5th Cir. 2010). Additionally, in lieu "of insisting on the presentation of facts indicating the existence of a condition to relieving the default, a court, in the exercise of its discretion, may evaluate and accept an excuse for failing to make a showing of this type." 10A FED. PRAC. & PROC. CIV. § 2697 (4th ed.).[2]

Here, Evanston seeks to rescind the policy because it allegedly was issued based on "false, incomplete, or misleading information" that was "material" to its decision. Doc. #4 at ¶ 12. Evanston further alleges that the policy is void due to "material representations made during the application process." *Id*. at ¶ 63.

As to the factual allegations underlying Evanston's claims, WCCC admits most of them—including, the primary operation of the insured building was a strip club, flammables were found on site at the time of loss, Gailes' substantial financial obligations and debts, and the existence of prior losses. But WCCC denies that (1) these facts were material to Evanston's decision to insure the building and (2) the policy was issued based on false, incomplete, or misleading information by WCCC. Though somewhat broad and conclusory, WCCC has denied any wrongdoing, which if proven at trial, would be a complete defense to Evanston's claims. Also, requiring WCCC to rebut or defend Evanston's allegations that WCCC's representations were material and misleading other than by denial would be too onerous at this stage of the

---

[2] *See, e.g., In re Waggoner*, No. 05-21523, 2007 WL 3171740, at *6 (Bankr. N.D. Tex. Oct. 24, 2007) (simple denials to allegations sufficient to raise meritorious defense when "[t]he Court [could not] fathom how, at the answer stage of this lawsuit, the IRS [could] contest Waggoner's factual allegations concerning the innocent spouse doctrine" other than simply denying allegations); *Robinson v. Griffith*, 108 F.R.D. 152, 155 (W.D. La. 1985) (conclusory allegations in answer raised meritorious defense when answer was filed within two weeks after counsel was retained and "further discovery would be necessary to establish a detailed factual basis" for the defenses).

litigation. Accordingly, the Court finds that WCCC's proposed answer sufficiently raises a meritorious defense. Such weights in favor of setting aside the default.

### 4. Expeditiousness

WCCC acted expeditiously to correct the default, responding within nine days of the default being entered. This factor weighs in favor of setting aside default.

### 5. Balancing

The Court finds each factor weighs in favor of setting aside the default judgment. Accordingly, the Court finds good cause to set aside the default.

## IV
## Conclusion

For the reasons above, Evanston's motion for leave to file a supplemental brief [14] is **DENIED** and WCCC's motion to set aside the entry of default [10] is **GRANTED**. WCCC has seven (7) days from the date of this order to file as a separate entry on the docket the answer attached to its motion as an exhibit.

**SO ORDERED**, this 27th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**