# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

EVANSTON INSURANCE COMPANY                                          PLAINTIFF

V.                                                                                  NO. 4:16-CV-144-DMB-JMV

WASHINGTON COUNTY COUNTRY
CLUB, LLC; and KEN GAILES                                                DEFENDANTS

## ORDER

On November 17, 2017, the parties in this declaratory judgment action filed a "Joint Motion for Entry of Consent Judgment." Doc. #26. In the motion, the parties represent that Evanston Insurance Company has caused a refund payment to Ken Gailes in the amount of $3,615.41—the price of the premium paid to obtain the policy at issue in this matter; *id*. at ¶¶ 5, 6; that Washington County Country Club ("WCCC") and Gailes no longer contest that the policy is void *ab initio*, *id*. at ¶ 5; and that the parties "have resolved this action and agree to entry of a consent judgment." *Id*. at ¶ 6. Specifically, the parties seek:

> an order declaring that the Policy is void *ab initio*, that Defendants are entitled to a reimbursement of the premium payment, that Evanston has satisfied its obligation to reimburse the premium payment by reissuing the check made payable to Ken Gailes, that the parties waive any other claims between them that relate in any manner to the Policy, and that this declaratory judgment action be dismissed, though the Court shall maintain jurisdiction for purposes of enforcement of this Judgment.

*Id*. at 3. In this regard, the parties submitted a proposed consent judgment to the Court.

"Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it 'represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation.'" *Jones v. Gusman*, 296 F.R.D. 416, 428 (E.D. La. 2013) (quoting *Williams v. City of New Orleans*, 729 F.2d 1554, 1559 (5th Cir.

1984)). In addition, "[c]ourts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence." *Id*. (quoting *United States v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir. 1981) (Rubin, J., concurring)). "In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree." *Id*.

The Court has reviewed the proposed consent judgment—which finds that Policy No. 2CU1835 procured by WCCC through Gailes, is void *ab initio*—and believes that the decree represents a fair and reasonable factual and legal determination based on the facts of record. The Court also finds that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation—a declaratory judgment action related to the policy. Accordingly, the motion for entry of a consent judgment [26] is **GRANTED**. A judgment consistent with the parties' proposed consent judgment will be entered as an order of the Court.

**SO ORDERED**, this 14th day of February, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**